IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MARVIN MYCHAL-CHRISTOPHER
KENDRICKS, et al,

Defendants.

Case No. 2:18-cv-03695-GEKP

## CONSENT OF DEFENDANT MARVIN
## MYCHAL-CHRISTOPHER KENDRICKS

1.       Defendant Marvin Mychal-Christopher Kendricks ("Defendant") acknowledges

having been served with the complaint in this action, enters a general appearance, and admits the

Court's jurisdiction over Defendant and over the subject matter of this action.

2.       Defendant has pleaded guilty to criminal conduct relating to certain matters

alleged in the complaint in this action.  Specifically, in *United States v. Damilare Sonoiki and*

*Marvin Mychal Kendricks,* Crim. No. 18-368-GEKP (E.D. Pa.) (*"United States v  Kendricks"*),

Defendant pleaded guilty to one count of conspiracy to commit securities fraud, in violation of

18 U.S.C. § 371, and one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and

17 C.F.R. § 240.10b-5.  This Consent shall remain in full force and effect regardless of the

existence or outcome of any further proceedings in *United States v. Kendricks*.

3.       Defendant hereby consents to the entry of the final Judgment in the form attached

hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)   permanently restrains and enjoins Defendant from violations of Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 14e-3 thereunder; and

(b)   orders Defendant to pay disgorgement in the amount of $1,188,075; provided, however, that Defendant's disgorgement obligation is deemed satisfied by the Order of Forfeiture (Doc. No. 18) requiring Defendant to pay forfeiture equal to this amount in *United States v. Kendricks*.

4.   Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.   Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.   Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.   Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.   Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.   Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related

conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.  Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission is a

party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and

places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile

transmission of notices or subpoenas issued by the Commission for documents or testimony at

depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices

and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local

rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and

subsistence expenses at the then-prevailing U.S. Government per diem rates, and (v) consents to

personal jurisdiction over Defendant in any United States District Court for purposes of

enforcing any such subpoena.

14.    Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 4-29.19

_____
Marvin Mychal-Christopher Kendricks

On 29ᵗʰ April, 2019, Marvin Mychal-Christopher Kendricks, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires 09/25/2020

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICK WAGNER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires April 25, 2020

Approved as to form:

_____
Michael A. Schwartz
Pepper Hamilton LLP
3000 Two Logan Square
18ᵗʰ and Arch Streets
Philadelphia, PA 19103
215-981-4494

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MARVIN MYCHAL-CHRISTOPHER
KENDRICKS, et al.,

Defendants.

Case No. 2:18-cv-03695-GEKP

**FINAL JUDGMENT AS TO DEFENDANT
MARVIN MYCHAL-CHRISTOPHER KENDRICKS**

The Securities and Exchange Commission having filed a Complaint and Defendant

Marvin Mychal-Christopher Kendricks ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and

waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15

U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection

with any tender offer or request or invitation for tenders, from engaging in any fraudulent,

deceptive, or manipulative act or practice, by:

(a)     purchasing or selling or causing to be purchased or sold the securities

sought or to be sought in such tender offer, securities convertible into or

exchangeable for any such securities or any option or right to obtain or

dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been

2

acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)     communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i)     to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the

3

planning, financing, preparation or execution of the

activities of the issuer with respect to such tender offer; or

(iii) to any person pursuant to a requirement of any statute or

rule or regulation promulgated thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $1,188,075; provided, however, that Defendant's disgorgement obligation is

deemed satisfied by the Order of Forfeiture (Doc. No. 18) requiring Defendant to pay forfeiture

equal to this amount in *United States v. Damilare Sonoiki and Marvin Mychal Kendricks,* Crim.

No. 18-368-GEKP (E.D. Pa.).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

4

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _March 18, 2020_____, 2019

Gene E. K. Pratter
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MARVIN MYCHAL-CHRISTOPHER
KENDRICKS, et al.,

Defendants.

Case No. 2:18-cv-03695-GEKP

### FINAL JUDGMENT AS TO DEFENDANT
### MARVIN MYCHAL-CHRISTOPHER KENDRICKS

The Securities and Exchange Commission having filed a Complaint and Defendant

Marvin Mychal-Christopher Kendricks ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and

waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15

U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection

with any tender offer or request or invitation for tenders, from engaging in any fraudulent,

deceptive, or manipulative act or practice, by:

(a)     purchasing or selling or causing to be purchased or sold the securities

sought or to be sought in such tender offer, securities convertible into or

exchangeable for any such securities or any option or right to obtain or

dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been

2

acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

  (i)    to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

  (ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the

3

planning, financing, preparation or execution of the

activities of the issuer with respect to such tender offer; or

(iii)   to any person pursuant to a requirement of any statute or

rule or regulation promulgated thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $1,188,075; provided, however, that Defendant's disgorgement obligation is

deemed satisfied by the Order of Forfeiture (Doc. No. 18) requiring Defendant to pay forfeiture

equal to this amount in *United States v. Damilare Sonoiki and Marvin Mychal Kendricks*, Crim.

No. 18-368-GEKP (E.D. Pa.).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

4

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: March 18, 2020

Gene E. K. Pratter
United States District Judge

5